IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEN ROBERT STEWART,** | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3588** |
| | : | |
| **ANGIE BRYANT,** *et al.*, | : | |
| Respondents. | : | |

**<u>MEMORANDUM</u>**

**COSTELLO, J.**                                                                              **JUNE  10, 2026**

South Carolina state prisoner Ben Robert Stewart, proceeding *pro se*, has filed a Petition for *habeas corpus* relief on a 28 U.S.C. § 2241 form (ECF No. 2).[1]  He has also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Discovery (ECF No. 3).  As explained below, Stewart has filed his Petition in the wrong court, and it is a successive petition without prior authorization.  Because this Court lacks jurisdiction, the Petition will be transferred to the United States Court of Appeals for the Fourth Circuit.

**I.      THE PETITION MUST BE CONSTRUED UNDER 28 U.S.C. § 2254.**

Stewart represents that he is a state pretrial detainee seeking to challenge his detainer as well as the validity of his present physical custody pursuant to his 2009 South Carolina conviction and sentence.  (*See* Petition, ECF No. 2, at 1-2, throughout.)  There is no indication he is awaiting trial on criminal charges or is the subject of a current detainer, but public records

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("*Habeas* Rules"), which apply to § 2241 petitions from state prisoners, requires that a *habeas* petition be screened to determine if it "plainly appears . . . that the petitioner is not entitled to relief." *See Habeas* Rule 1(b); *In re Gorbey*, 833 F. App'x 371, 372 (3d Cir. 2021) (*per curiam*).  The Court may take judicial notice of public records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Stewart's petition is confusingly written, but since he is *pro se*, the Court construes it liberally. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).  Although Stewart's Petition omits some details, the Court has been able to obtain them from public records.

indicate he is serving a 30-year sentence in a state prison pursuant to a 2009 conviction after a jury trial in York County, South Carolina, on charges that arose from his role in an armed robbery and homicide in 2006.

Because Stewart is in state custody under a judgment of a state court, his Petition must be construed as one filed under the more specific provisions of 28 U.S.C. § 2254, not the more general ones of § 2241. *See Coady v. Vaughn,* 251 F.3d 480, 484-86 (3d Cir. 2001) (state prisoners serving state court criminal judgments must file under § 2254, not § 2241; allowing them to use § 2241 would thwart Congress's intent in enacting the Anti-Terrorism and Effective Death Penalty Act of 1996[2]); *In re Wright*, 826 F.3d 774, 778-79 (4th Cir. 2016) (citing, discussing, and adopting analysis of *Coady*). "The vast majority of courts have concluded that . . . § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention." Brian R. Means, Federal Habeas Manual § 1:34, Westlaw FEDHABMAN (2026). What governs is substance, not form or label. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning."). *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (Rule 60(b) motion treated as successive § 2254 petition due to its substance).

*Habeas* Rule 2(a) mandates that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." This is usually the warden of the prison where the prisoner is held. Because Stewart has failed to name his prison warden, the Court will add Jonathan Nance, Warden of the Tyger River Correctional Institution, to the docket as a respondent.

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996), amending, *inter alia*, the federal *habeas* statute at 28 U.S.C. §§ 2241 *et seq.*, effective April 24, 1996.

## II.    THIS COURT IS NOT THE PROPER VENUE.

Stewart does not explain why he filed his Petition here.  The state court that imposed the judgment of conviction and sentence that Stewart challenges is in the District of South Carolina, as is his prison warden and prison.  That district, not this one, is the proper venue for his § 2254 petition.

Federal courts may grant *habeas* writs involving cases "within their respective jurisdictions," 28 U.S.C. § 2241(a).[3]  This phrase is interpreted differently and more contextually and liberally in *habeas* than in other areas of law, and even more so in § 2254 state-prisoner *habeas*, where it is usually understood as a rule of venue or proper forum, but it still has a territorial component.[4]

---

[3]  Although state prisoners' petitions must be considered under the more restrictive provisions of § 2254, the requirements of § 2241 also apply to § 2254 petitions:

> Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state-court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court.

Federal Habeas Manual § 1:34.  *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) ("All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254.").

[4]  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (construing § 2241(a) in context of federal pretrial detainee, emphasizing general rule that jurisdiction lies only in district where immediate custodian of prisoner is located but acknowledging exception for § 2254 state petitioners in 28 U.S.C. § 2241(d), which expanded jurisdiction to district of conviction), *id.* at 451-55 (Kennedy, J., concurring, joined by O'Connor) (discussing that § 2241(a) is not a strict rule of territorial or subject matter jurisdiction as in other realms but, "based on the habeas statutes and the cases interpreting them," is more akin to a rule of proper venue or convenient forum, albeit with a territorial component), *id.* at 463-64 (Stevens, J, dissenting, joined by Souter, Ginsburg, and Breyer, JJ.) (agreeing with Justice Kennedy's analysis of that point); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493-94 (1973) (venue approach); 28 U.S.C. § 1391(b) (general civil approach applicable in *habeas*); Hertz & Liebmann, Federal Habeas Corpus Practice and Procedure § 10.2, "Rules governing the choice of forum" (Lexis, 2026 update); Means, Federal Habeas Manual § 1:107, "Petition filed in a district without territorial jurisdiction" (Westlaw, 2026); Means, Postconviction Remedies § 12:5, "Jurisdiction of the Federal Court – The Proper Forum" (Westlaw, 2026 update).

That territorial component is not met here.  Records from Stewart's recently denied *habeas* case in *Stewart v. Warden of Tyger River Correctional Institution*, No. 25-2909, 2025 WL 4698320 (D.S.C. Oct. 27, 2025), *R. & R. adopted*, 2026 WL 686458 (D.S.C. March 11, 2026), *recons. denied*, 2026 WL 930224 (D.S.C. April 6, 2026), as further detailed *infra*, show at best only a tenuous connection to this district.[5]  Stewart's claims similarly show only a thin connection to this district.[6]  Such connections are insufficient.

Per 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The Court finds it is in the interests of justice to transfer the case and will do so after determining where it could have been brought.

## III.    BECAUSE THE PETITION IS SUCCESSIVE WITHOUT AUTHORIZATION, THE COURT LACKS SUBJECT MATTER JURISDICTION

Stewart initially denies having filed any other challenge to his South Carolina criminal judgment (Petition at 2-5), but he later refers to his "*habeas* case," provides Westlaw and docket citations, and attaches three pages of an ECF docket printout.  Petition at 7, 12; Exhibits (ECF

---

[5]  After Stewart's 2006 South Carolina crimes, a warrant was issued for his arrest there.  He was eventually apprehended in January of 2007 in Philadelphia for carjacking.  Stewart was first convicted and sentenced in Philadelphia.  *See Commonwealth v. Stewart*, CP-51-CR-0004235-2007 (C.P. Philadelphia) (2008 guilty plea, conviction, and 8- to 16-year sentence stemming from 2007 carjacking).  He was transported to South Carolina for conviction and sentencing there in 2009, and that sentence was imposed to run consecutively to and to start upon completion of his earlier Philadelphia sentence.

[6]  As relevant, Stewart claims the Interstate Agreement on Detainers ("IAD") was violated when he was transported from Pennsylvania to South Carolina.  Petition at 1, 6 (Ground Three).  *See* 42 Pa. Cons. Stat. §§ 9101-9108 (Pennsylvania IAD enactment).  He also asserts that the South Carolina court's adjudication of a pretrial handwritten *habeas* petition he filed in February of 2009 concerning alleged IAD violations, after being transported there from Philadelphia, a partial copy of which he attaches, was incorrect.  Petition at 12, Exhibits (ECF No. 2-1) at 2-4.  Stewart finally claims he is receiving Social Security disability payments from Pennsylvania related to mental illness.  Petition at 2, 12.

No. 2-1) at 16-18.  Last year, the United States District Court for the District of South Carolina denied Stewart's first § 2254 *habeas* petition challenging his 2009 South Carolina criminal judgment.  *See Stewart v. Warden of Tyger River Correctional Institution*, No. 25-2909, 2025 WL 4698320 (D.S.C. Oct. 27, 2025), *R. & R. adopted*, 2026 WL 686458 (D.S.C. March 11, 2026), *recons. denied*, 2026 WL 930224 (D.S.C. April 6, 2026).[7]  Stewart's appeal of that denial is active in the Fourth Circuit.  *See Stewart v. Warden of Tyger River Correctional Institution*, No. 26-6536 (4th Cir.) (pending).

AEDPA includes gatekeeping restrictions on second or successive *habeas* petitions.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Stewart's Petition is successive.  *Rivers v. Guerrero*, 605 U.S. 443, 446-47 (2025) (a § 2254 *habeas* petition filed after the district court has denied a first petition is successive even if an appeal of that denial is still pending).  And Stewart has presented no order authorizing it to be filed.  Without such an order, this or any other district court lacks jurisdiction to consider the petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  Section 2244(b) is effectively "an allocation of subject-matter jurisdiction to the court of appeals."  *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002) (citation modified).  Thus, this Court lacks subject matter jurisdiction.  *Id*.

If a second or successive petition is filed in a district court without prior authorization from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson*, 313 F.3d at 139.  When a civil action is filed in a court lacking jurisdiction, "the court shall, if it is in the interest of justice,

---

[7]  Notably, per an order, Stewart filed that *habeas* petition on a § 2254 form.  *See Stewart v. Warden*, No. 25-2909 (D.S.C.), Amended Petition (ECF No. 13, May 19, 2025).

transfer such action" to a court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Given the jurisdictional provisions of § 2244(b)(3)(A), the United States Court of Appeals for the Fourth Circuit is the only court in which Stewart's successive Petition could have been brought at the time it was filed. Further, Stewart's appeal of his related first *habeas* petition under 28 U.S.C. § 2254 is already on that Court's docket. This Court finds it is in the interest of justice to transfer the matter to the Fourth Circuit.

Accordingly, the Court will transfer the case to the United States Court of Appeals for the Fourth Circuit so that it may consider whether it will authorize the petition to be considered by the United States District Court for the District of South Carolina under 28 U.S.C. § 2244(b). The Court will deny Stewart's motions as moot.

Stewart is cautioned that any further *habeas* pleadings in this Court relating to his 2009 conviction and sentence in York County, South Carolina, whether in this or a new case, will be viewed as inappropriate and vexatious and may result in appropriate sanctions, including a possible prefiling injunction.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**

6